IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BIRGILIO CASTRO-MONCADA,**

    **Petitioner,**

    v.                                        CASE NO. 21-3095-JWL

**U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,**

    **Respondents.**

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Larned Correctional Mental Health Facility in Larned, Kansas. The Court granted Petitioner leave to proceed *in forma pauperis*. Petitioner challenges an Immigration and Customs Enforcement ("ICE") detainer lodged with the Kansas Department of Corrections ("KDOC"). The Court examined the record and entered an Order to Show Cause (Doc. 3) ("OSC"), ordering Petitioner to show good cause why his Petition should not be dismissed for the reasons set forth in the OSC. This matter is before the Court on Petitioner's Response (Doc. 4).

**Background**

Petitioner is currently in KDOC custody serving his state criminal sentence. In his Petition, he seeks to dismiss the ICE detainer, alleging that he is a United States Citizen with a valid Social Security card, Permanent Resident card, and Kansas driver's license. Petitioner filed a similar action in state court which was dismissed on March 18, 2021. *See Castro-Moncada v. ICE*, Case No. 2021-CV-000124 filed in Shawnee County District Court on February 4, 2021.

**Discussion**

The Court found in the OSC that: 1) because Petitioner has not shown that he is in custody pursuant to the ICE detainer, his Petition is subject to dismissal; 2) Petitioner is not entitled to relief under K.S.A. § 22-4401 because the Interstate Agreement on Detainers does not apply to ICE civil detainers; 3) Petitioner has not alleged that prison officials used the detainer to affect his conditions of confinement; and 4) Petitioner has not indicated that he has exhausted available administrative remedies prior to filing suit in federal court. (Doc. 3, at 2–5.)

The Court found that Petitioner's § 2241 Petition challenging his ICE detainer is subject to dismissal because Petitioner has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. In his Response, Petitioner argues that he "did not file a writ of habeas corpus pursuant to 28 U.S.C. § 2241" and instead filed a "motion to dismiss his detainer." (Doc. 4, at 1.) Petitioner then asserts that if the Court considers his case a "mixed petition," he would like his case dismissed without prejudice so that he can refile it as a petition for writ of habeas corpus under § 2241.

However, the Court considered Petitioner's claims as a petition under § 2241, finding that "[a] state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241." *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013) (citations omitted). Because the Court considered this case as a petition under § 2241, Petitioner's argument is without merit.

An inmate challenging an ICE detainer must be in custody pursuant to the ICE detainer. *Ikunin*, 2013 WL 2476712, at *1. Petitioner acknowledges in his response that he is not in

custody pursuant to the ICE detainer. (Doc. 4, at 2.) The remainder of Petitioner's response addresses his state criminal case and the steps he is taking regarding his citizenship. Petitioner has failed to show good cause why his Petition should not be dismissed for the reasons set forth in the Court's OSC.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed.**

**IT IS SO ORDERED**.

**Dated May 6, 2021, in Kansas City, Kansas.**

                       <u>S/ John W. Lungstrum</u>
                       **JOHN W. LUNGSTRUM**
                       **UNITED STATES DISTRICT JUDGE**